UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STEPHEN KOVACS,

                             Petitioner,                   MEMORANDUM AND ORDER

    -against-                                        CV 12-2260 (LDW)

UNITED STATES OF AMERICA,

                             Respondent.
------------------------------------------------------------X

Wexler, J.

      Petitioner Stephen Kovacs ('Kovacs") seeks a writ of error coram nobis to vacate his conviction and sentence entered in December 2001, based on the alleged ineffective assistance of his defense counsel, Robert Fink ("Fink"). The government opposes the petition.

## I. BACKGROUND

      Before 1991, Kovacs, an Australian citizen and legal United States resident, owned and operated of International Bullion & Metal Brokers, Inc. ("IBB"), an importer and distributor of gold and metal jewelry. In 1991, IBB suffered a burglary loss of approximately $250,000. Following the burglary, with the assistance of insurance appraiser Elliott Zerring, Kovacs submitted to Hanover Insurance Company ("Hanover"), and received payment for, an inflated claim of approximately $850,000.

      On October 4, 1996, Kovacs was indicted on charges of conspiracy to commit wire fraud and wire fraud arising from his involvement in the scheme to defraud Hanover. On November 24, 1999, pursuant to a plea agreement, Kovacs pleaded guilty to an information charging him with misprision of a felony in violation of 18 U.S.C. § 4, in satisfaction of all charges in the

indictment. During his plea allocution, Kovacs acknowledged his role in the submission of an inflated insurance claim during the time frame contained in the information. On December 17, 2001, this Court sentenced Kovacs to five years' probation.

Following his plea and sentence, Kovacs entered and exited the United States a number of times for business-related travel. However, in 2009, after Kovacs completed his probationary sentence, he was stopped by the Department of Homeland Security upon his re-entry into the United States based on his conviction for misprision of a felony, a crime rendering an alien inadmissible to the United States. Kovacs states that he has remained outside the United States ever since.

Kovacs now seeks to vacate his conviction and sentence on the ground that he was denied effective assistance of counsel because Fink affirmatively misrepresented to him that his plea would have no immigration consequence. The government opposes the petition, arguing that it is untimely and without merit.

## II. DISCUSSION

A writ of error coram nobis should issue "only where extraordinary circumstances are present." *See Nicks v. United States,* 955 F.2d 161, 167 (2d Cir. 1992). Ineffective assistance of counsel may justify a writ of error coram nobis. *See Matos v. United States*, No. 99 Cr. 137 (WHP), 2012 WL 569360, at *2 (S.D.N.Y. Feb. 16, 2012). To establish a claim of ineffective assistance of counsel, a petitioner must demonstrate: (1) that his attorney's performance fell below "an objective standard of reasonableness," and (2) that he was prejudiced by this failure. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

As for the first prong, there is no dispute that Fink misadvised Kovacs regarding the immigration consequences of his plea. At the plea proceeding, in response to the Court's questioning, Fink stated that "[w]e have researched it and we feel comfortable that this is not a deportable offense." Transcript of Nov. 24, 1999 ("Tr."), at 11-12. Nevertheless, the parties disagree as to whether Fink's "affirmative misrepresentation" fell below an objective standard of reasonableness at that time, *see United States v. Couto,* 311 F.3d 179, 187-88 (2d Cir. 2002) ("an affirmative misrepresentation by counsel as to the deportation consequences of a guilty plea is today objectively unreasonable"), *abrogated on other grounds by Padilla v. Kentucky,* 130 S. Ct. 1473 (2010) (holding that even counsel's silence on collateral immigration consequences may result in ineffective assistance). Even assuming that Fink's affirmative misrepresentation as to the immigration consequences of the plea fell below an objective standard of reasonableness, Kovacs fails to satisfy the second prong – the prejudice requirement – of the *Strickland* test.

As for the second prong, in the context of a guilty plea, prejudice generally requires "a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "A petitioner shoulders the burden to 'convince the court that a decision to reject the plea bargain would have been rational under the circumstances.' " *Matos*, 2012 WL 569360, at *3 (quoting *Padilla*, 130 S. Ct. at 1485). As for whether he would not have pleaded guilty, Kovacs asserts that he would not have pleaded guilty had he known that the crime to which he pleaded would have immigration consequences. *See* Petition ¶ 4. However, certain circumstances undermine Kovacs' self-serving assertions and whether the possibility of immigration consequences was truly an impediment to his accepting the plea. First, Fink sought to have the plea minutes sealed

for fear that immigration authorities might learn of Kovacs' guilty plea.  This Court denied that request.  Second, this Court and the government cautioned Kovacs at the plea proceeding that there may be immigration consequences to his plea.  In this respect, this Court stated:  "Let's discuss now Immigration.  I understand you may be subject to Immigration, whether Immigration would or would not deport you.  I'm sure you discussed that with your lawyer.  I make no commitment or comment concerning that.  That's out of my hands.  Do you understand?"  Tr. 11.  Kovacs responded, "Yes."  *Id.*  Later the government specifically sought clarification that Kovacs understood that "he will be given the right to withdraw the plea solely on the sentence guidelines, . . . but his plea will stand regardless of the Immigration consequences"; Fink confirmed this understanding.  *Id.* at 15-16.  Similarly, the plea agreement specified:  "Other penalties:  possible immigration consequences."  Kovacs' decision to accept the plea notwithstanding these cautions and the Court's refusal to seal the record significantly undermine his assertions.

In arguing that he has shown prejudice, Kovacs does not claim that, but for Fink's error, he would have proceeded to trial.  Rather, he maintains that to establish prejudice, he need only show that "there is a reasonable probability that [he] would have pursued alternatives to the plea," relying on *Missouri v. Frye*, 132 S. Ct. 1399, 1410 (2012).  *See* Reply in Support of the Petition for a Writ of Error Coram Nobis ("Petitioner's Reply"), at 12.  Kovacs' reliance on *Frye* is misplaced.  In *Frye*, the Supreme Court held that

> where a defendant pleads guilty to less favorable terms and claims that ineffective assistance of counsel caused him to miss out on a more favorable earlier plea offer, *Strickland* 's inquiry into whether 'the result of the proceeding would have been different,' requires looking not at whether the defendant would have proceeded to trial absent ineffective assistance but whether he would have accepted the offer to plead pursuant to the terms earlier proposed.

*Frye*, 132 S. Ct. at 1410 (citation omitted). As the Supreme Court explained:

> This application of *Strickland* to the instances of an uncommunicated, lapsed plea does nothing to alter the standard laid out in *Hill*. In cases where a defendant complains that ineffective assistance led him to accept a plea offer as opposed to proceeding to trial, the defendant will have to show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 59.

*Frye*, 132 S. Ct. at 1409-10.

As noted, Kovacs does not claim that, but for counsel's error, he would have proceeded to trial. Nor does Kovacs indicate that he would have proceeded to trial if he was unable to negotiate a plea to a non-deportable offense. By declaration supporting the petition, Fink tellingly notes that "Kovacs informed me that he wanted the best possible plea agreement *so as to hopefully avoid* his removal from or inadmissibility to the United States." Declaration of Robert S. Fink in Support of Petitioner's Motion for a Writ of Error Corum [sic] Nobis ¶ 4 (emphasis added). Indeed, proceeding to trial would not have altered the immigration consequences in the event of a conviction, and doing so likely would have precluded Kovacs from obtaining the two points for acceptance of responsibility that factored favorably into his sentencing guidelines calculation. Moreover, Kovacs' Presentence Investigation Report shows that Kovacs faced substantial evidence of his guilt in inflating IBB's insurance claim. Given these circumstances, it would not have been rational for Kovacs to proceed to trial. Thus, Kovacs is unable to show prejudice under the standard laid out in *Hill*.

Nevertheless, even if *Frye* provides the applicable standard for assessing prejudice in this context, Kovacs still fails to show prejudice. In this respect, Kovacs contends that, as an

alternative to the plea to misprision of a felony, he could have pleaded guilty to certain specific crimes that would not have had immigration consequences. *See* Petitioner's Reply at 12; Declaration of John P. Pratt in Support of the Petition for a Writ of Error Corum [sic] Nobis ¶¶ 2-7 (opining that a plea to a felony or misdemeanor tax charge under 26 U.S.C. § 7203 would not render him removable or inadmissible). Notwithstanding Kovacs' suggestion that he could have pleaded to a crime that would not have had immigration consequences, Kovacs has no right to a plea of his choice. Indeed, a defendant has no right to be offered a plea, *see Frye*, 132 S. Ct. at 1410 (citing *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977)), and there is no indication that the government would have offered, or even assented to, an alternative plea, including those Kovacs now suggests.

Kovacs contends that another alternative to the plea was a "meritorious" statute-of-limitations defense that he could have, but did not, raise because of the plea. In response, the government merely notes that the indictment alleges criminal activity occurring through October 8, 1991 – within the applicable five-year limitations period. In reply, Kovacs contends that the fraud was consummated in September 1991 and that the indictment was not brought until October 1996 – outside the limitations period. The Court is not persuaded by Kovacs' argument. The record does not demonstrate that, but for the plea, Kovacs would have raised this defense. Indeed, Kovacs does not indicate that the defense was considered before the plea, and Fink makes no reference to a statute-of-limitations defense in his declaration supporting the petition.

Thus, the Court concludes that Kovacs fails to establish sufficient grounds for the

issuance of a writ of error coram nobis.[1]

### III. CONCLUSION

For the above reasons, Kovacs' petition for a writ of error coram nobis is denied. The Clerk of Court is directed to close the file.

SO ORDERED.

                                                                _____/s/_____
                                                                LEONARD D. WEXLER
                                                                UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
        January 2, 2013

---

[1] Given the Court's decision, it need not address the government's argument that the petition is untimely. In addition, although oral argument has been requested, the Court finds that oral argument is not necessary.